We'll hear argument first this morning in Case 17-1705, PDR Network v. Carlton & Harris Chiropractic. Mr. Phillips? Thank you, Mr. Chief Justice, and may it please the Court. The most startling comment in the Fourth Circuit's opinion in this case is the following one. We need not harmonize the FCC's rule with the underlying statute. I would have thought, in any ordinary instance of judicial review of administrative agency decision-making, that's a statement that ought to leap out off the page. And when it's being applied in the context of a private right of action brought as a class action by private plaintiffs against a private defendant who is seeking to assert that the statute is not violated by the action of the defendant, the idea that the court of appeals will say, no, no, there's no opportunity and no reason for the courts to entertain the agency's standard to be applied in those circumstances is one that it would seem to me you could only justify in extraordinary circumstances that are candidly not presented. That's a bit what's unusual about this case. It's a different question whether the court of appeals can do it, because the Hobbs Act gives it exclusive jurisdiction, and I think that exclusive jurisdiction has to mean something, and that it then doesn't become a matter of jurisdiction. It becomes a matter of how much, if any, deference this interpretation is due. Then the question we granted cert on, which is what does the district court, what can the district court do as opposed to the court of appeals? So here, the district court, I understand, didn't think it was challenging the validity of the order, or that you were, of the FDC interpretation. It was interpreting it. So where does that leave? But it was interpreting it in light of the statute, candidly. Well, but, yes, I agree with you. It's interpreting, but that's what applied challenges are about, aren't they? They're here's the statute, here's the interpretation, your facts are unique, and we now as judges decide whether or not that uniqueness falls within or without the interpretive guideline or the statute. It's a normal process, isn't it? Right. There are two things that come out of that question that I'd like to address. The first one is, what is the work that's done by the requirement of exclusive jurisdiction in the Hobbs Act, and we would say that the exclusive jurisdiction under the Hobbs Act says the court of appeals can decide whether and only, you know, whether they can adjoin, set aside, suspend, and hold apart. Put that aside, because that's, assuming I don't accept that, that the court of appeals has exclusive jurisdiction, period, and we have plenty of statutes that give courts of appeals exclusive jurisdiction over matters. So if you're not challenging the validity of the Hobbs Act, how do you, and you accept it on its face, what happens? Well, I accept it on its face, the question is. Just with a different interpretation. Right. Well, I guess that's the problem, is it's difficult for me to sort of sweep away what does it mean to determine the validity of. Well, let's assume we just accept where we've always been. Isn't this a Eucharist case? If the court of appeals is the only body that can determine the validity of an administrative holding or an administrative final order, do you lose? No. Well, I think if you're relying on Yackas to get to that proposition, it's hard to do that without taking into account the specific circumstances and the statutory language in Yackas, because Yackas didn't just say that the court of appeals has exclusive authority to do the injunctive work and the declaratory work. But it went further, and this Court upheld it under these circumstances, coupled with the provision that, quote, no court, Federal, State, or territorial shall have jurisdiction or power to consider the validity of any such regulation. And it was the coupled-with language that makes Yackas what it is. Yackas doesn't answer the question of whether the provision of exclusive jurisdiction goes beyond the ordinary situation of seeking injunctive relief or equitable relief, including declaratory relief. Sotomayor, I mean, I guess I do. Alito, it seems to me the most difficult part of your argument is the question of reliance by parties that participated in the rulemaking activity. So suppose here that PDR had been a party, and it took the position, it said the FCC should say that the statute applies only if the facts directly proposes a commercial transaction, and the FCC agreed on that. And then PDR gets sued, just as it was here. Right. So it couldn't be. Then the normal estoppel rules would apply. You had the opportunity. You participated in the proceedings. Estoppel, a la cases like Port of Boston and other cases, say, you know, when you have a full fair opportunity to litigate and you lose, then it's tough luck when the issue comes back up. But if you're in the situation that PDR is, where it never engaged in any of the behavior that would implicate this case or implicate this regulation or order, and then you find out 10 years later what that is. Well, suppose it wasn't a party, but it was aware of what was going on. Is it the same situation? The same result? I think so, if you're talking about aware in the sense of the problem is even if they were aware of it, they still weren't sending out faxes. They weren't adversely affected by it at the time. And so, therefore, they would have had no basis to seek judicial review under those circumstances. I'm sorry. Go ahead. Is that the test? Were you adversely affected at the time? Did you have, were you, you know, did you reasonably think you could be adversely affected at the time? What do you think the test is? I mean, the Administrative Procedure Act suggests the test is you have to be adversely affected by the action of the agency. And I would think this Court's Article 3 cases would require you to be at least somewhat adversely affected, otherwise you have no injury. But if they were carrying out that kind of activity, if they were sending out faxes at that time, would that be enough? I think that's difficult in that circumstance, because I don't think the Court has historically said, and Adam O'Recking and Justice Powell's opinion suggests that it doesn't put that kind of a burden on the average individual to try to sort out all of the Federal regulations and try to figure out exactly what happens. And I think it's made even more complicated in a case like this one, where the FCC's ultimate order doesn't follow from a specific notice to the public that what we're going to do is entertain this kind of a definition of what an advertisement is. All it said was we're going to review. I'm sorry, Your Honor. Did PBDR have any reason to think that even the regulation as written would affect it? I mean, the district court, the regulation was far from crystal clear. I agree with that. And the district court thought that the statute and the regulation were in harmony and that PDR didn't violate either. Right. And that's, I mean, that's part of the problem here, is you don't know what the regulation and what effect it has until you get into litigation. And so if you adopt the rule, Justice Kagan, that says that if you're just generally aware of the problem, what you're doing is saying what we want to invite is premature challenges to agency decisionmaking when we don't have any concrete injury at all, but because there's a risk at some point we're engaged in some kind of behavior that might trigger this, we are otherwise barred for all time. I mean, that is a stop on steroids. I'm sorry. Why isn't it enough that you can seek reconsideration of the FCC determination prior to the application of the order to you, and presumably the agency will deny it, but then you get judicial review at that point? Right. Isn't that enough? I don't think it's enough. First of all, you would have to say, is that what Congress thought the Hobbs Act required under these circumstances? That is an extraordinarily convoluted process where you are asking for something to be reopened. It's already been decided by the commission, and where the commission has absolute discretion to grant or deny it, and on its own time frame. Well, is that what Congress intended? I mean, to the extent you have the argument that you want a decision that's applicable throughout the heavily regulated industry, I mean, that may be exactly what they would comment. I think it makes much more sense to think of the Hobbs Act as saying to the world, look, if you're directly affected by agency action, and most of the cases under the Hobbs Act, most of those agencies, you're right, are heavily regulated, and they follow very carefully what happens, and if they think they're being adversely affected, they run to court immediately, and they seek some form of injunctive relief or equitable relief or declaratory relief in order to stop and allow them to go forward. Sotomayor, why, if you think you're not doing anything wrong, I know the Chief mentioned a motion for reconsideration, but much easier is a motion for declaratory judgment, and you go to the agency and you say, in fact, is what we do what are we don't think we're violating your order. Are we or aren't we? You could have done that. We could have done that, and the district court could have exercised primary jurisdiction. Exactly. But you never asked for it. Because we believed that the district court. I know what you believed, but if you were wrong, shouldn't you have? Well, with the benefit of hindsight, I suppose you could say that. But at the time of the litigation, we're faced with this question of are we liable potentially for treble damages for a violation of a private cause of a statutory provision providing a private cause of action. If I think, if I were to think, I'm not there yet, that there's no. There's hope. Telling me there's hope. If there's, if I don't think there's a due process violation because you have access to the agency and to getting a response if you take the proper steps, what happens to your argument then? If I don't think there's a due process violation. Well, there are two issues, two parts of that. There's still a very serious, to my mind, separation of powers argument that says that you have a case that's within the jurisdiction of the district court, properly before it, and the district court is not allowed to decide what the right outcome is. If Congress intended for that, I would expect Congress to be much clearer that that's its intention. It would have followed the YACUS model rather than the ICC model or the FTC model that is the basis for this. I guess that's the second time you've said that there's a real difference between the YACUS model and this, and I take it you're referring to the kind of second provision which says no courts shall. Consider. Yeah. But that's, once you have the word exclusive in the first provision, a second provision that says no other courts shall hear this kind of case is redundant, isn't it? No. You don't need it. No, I think it's. As long as you say this court has exclusive jurisdiction, why would you need a separate provision saying no other courts have jurisdiction? Because there's a big difference between having jurisdiction to decide in the first instance whether or not to enjoin, set aside, or declare invalid a rule of an agency and what happens when an enforcement action is brought. And we know from the Administrative Procedure Act that the strong presumption is in favor of allowing you to defend against the regulation or order in an enforcement action. And therefore, Congress has to mean explicitly that it wants something different under those circumstances. And what I would tell you is that if we were, if YACUS had been adopted here, my position would obviously be a heck of a lot more difficult, and then I'd only be arguing, well, that was a national emergency and this isn't. But that's not the language that Congress adopted. And what the Fourth Circuit said, I think it's just an ordinary statute. I guess I'm still not seeing it. But it just seems to me it is the language that Congress adopted, with the exception of removing a completely redundant provision. Once you say Court X has exclusive jurisdiction, you don't need another provision saying Court Y doesn't have jurisdiction. It's implicit in the first statement. If Congress had not already adopted the rule that says you have, you know, you have what the defense said, because you have both, that is the basis on which there is, this estoppel operates against this defendant in a criminal action, that would be one thing. But that's how the statute was interpreted with that second provision in it. Congress then comes back and adopts a truncated version of that. It doesn't say that it wants to go to the YACUS world. Kagan. No, truncated, but with the word exclusive in it. Right. And again, I don't. There's no. It means exclusive, Mr. Phillips, doesn't it? Exclusive to do what? This Court and no other. Right. To do what? And the question is, is it to do to provide the kind of injunctive relief or declaratory relief that 24 – I'm sorry, Your Honor, that the statute subsequently in the Hobbs Act and 2349 specifically talks about judgments for declaratory relief? The first sentence says determine the validity. The second says consider the validity. Do you see any difference in those two phrases? I think the use of consider the validity is extraordinarily broad and says to those courts, stay out of this business, and done for good reason. I mean, this was right after Pearl Harbor. There was price regulation in effect. There was a need for the kind of consistency and nationwide decisionmaking, Mr. Chief Justice. So you talked about most of these are fine if what you're talking about is creating problems for regulated entities who monitor it and bring their actions and try to stop it. But when that doesn't happen and the agency goes beyond that and adopts interpretations, it should – there's nothing in the Hobbs Act, which is just an ordinary judicial review statute, that should divest the district court of the authority to decide the question on the basis of the statute and its interpretation of the regulation. Mr. Phillips, on Yakis, you've emphasized the difference in the statutory language. I wonder whether there are a couple of other distinctions that you might comment on, and maybe there's a reason why you're not pursuing them, and that's the reason for my question. One is the separation of powers difference, that there was a wartime measure and the executive had arguably some inherent authority in the area that's lacking when it comes to faxes, as important as they are. Or were. Or were, right, right, right. This did take place a few years ago. And the other would be that there – I think Professor Bamzai makes this point, that you have a proceeding in which there's a criminal proceeding, and one of the elements is violation of the agency's price control regulation. And there you really are challenging the validity of that regulation if you're challenging the government's indictment. Whereas here, as I understand it, the regulation doesn't disappear tomorrow, and it isn't declared invalid in any meaningful sense. So those are distinctions I had understood to exist, but I'm not hearing you argue them and I'm wondering why. I tried to make the separation of powers point earlier, because I do believe – You did try, I grant you that. So, I mean, and I do think you have to interpret the Hobbs Act in light of the extraordinary separation of powers problem that you create by an overexpansive use of exclusive unless Congress really means it and then ties it up in a bow for it. What separation of powers problem do you create? You create the problem that you have here, where the court of appeals says to the world, we don't have to harmonize the rule, the FCC's rule with the statute. We can impose liability on someone under a rule that's set and slavishly have to follow the rule set by the FCC. I think even the government agrees that a court can interpret a regulation. So you might be quite right about that. But on your broader point, why is it a separation of powers problem to say, of course, a court has to determine what the law is, but it doesn't have to be every court at every time that determines what the law is. It can be a particular court, the court of appeals, at a particular time, 60 days after an agency action, whether it's the initial agency action or as the district – as the D.C. Circuit does, a petition for a new agency action. But why is that a separation of powers problem, to limit the court and to limit the timing, really in order to ensure uniformity and to ensure that the government is in the room when the determination about the regulation takes place? Well, because I think at bottom, the normal rule should be in any situation in which you are being sued for violating a statute, and you are seeking to defend on the basis that you didn't violate the statute, and they're being told, no, you did violate the statute because there's a regulation, and that regulation is not something you're entitled to challenge, you would ask, is that a situation – I mean, that seems like a separation of powers problem to me, because district courts are in the business of dictating what the law is, not being slavishly adherent to the dictates of the commit – But the problem here is that what you're challenging is not the question presented. The district court looked at your argument and bought it, and said, we're not challenging – you're right, this doesn't violate either the statute or the interpretive rule that the agency gave it. It was the Court of Appeals who read the interpretive rule differently, so it appears as if your challenge is really not to the jurisdiction of the Court of Appeals, because everybody knows it has jurisdiction either as an appeal from the district court or under the Hobbs Act, because the Hobbs Act only gives the Court of Appeals – under the Hobbs Act, maybe the FCC is the only one who can question it, but that's not the question presented that we had. Right. But the way that – to me, the way and the reason why the question that the Court rewrote came up the way it did was, you have an ordinary situation where a district court does exactly what you would want a district court to do, which is to figure out what the statute means in light of the interpretation of the agency, and then you have this extraordinary statement made by the Court of Appeals which says, no, we're going to reverse that, and we're going to reverse that because the district court had no business getting into that – into that inquiry to begin with. That seems to me offensive to core notions of separation of powers. Well, there's – And if – I'm sorry, Your Honor. There are statutes that explicitly preclude judicial review in enforcement proceedings, however, like the Clean Air Act. Are those unconstitutional? Probably not, under the circumstances. Well, then, if they're not unconstitutional, then that's – you don't really have a separation of powers argument. You have more an argument about what we should do with a statute that's silent about the – the – whether judicial review is available in the enforcement proceedings. Some statutes – I mean, part of – I mean, the reason why it's hard for me to tell you in the abstract whether the environmental statutes are constitutional or not constitutional is they have different language than the statute here and certainly different language than the Court had in Yakis as well. But you don't dispute – you don't dispute that those statutes preclude review in some circumstances. But again, it seems to me they're much more useful as an understanding of, you know, would Congress have intended – because even assuming it's constitutional, it's something that the courts – that Congress doesn't typically do. I agree with that, and – but I was just pressing the broader – how far you were going to press the broader point on separation of powers, right? There's some statutes that explicitly preserve judicial review, some statutes that explicitly bar the judicial review in the enforcement proceedings, and then we're in the gray area where it's silent, right? Right. But I – and I would construe the silence here in favor of saying we ought to have judicial review. But in some ways it goes back to Justice Gorsuch's question, and it's part of my problem with the EPA. I can envision circumstances where it would be unconstitutional as a separation of powers because one of the things that Yakis tells us is that the executive does have some authority here. We're talking about emergencies, and I don't know exactly the circumstances in which Congress decided to limit the authority to review those issues and how aggressive that's interpreted in various circumstances. And again, of course, there's the process. Sotomayor, Justice Breyer, I'm sorry. Breyer, I have a question. This may be very elementary, in which case just tell me, read the brief again. But the statute refers to the FCC's review of FCC final orders. And then when you read down the statute, it talks about review of rules, regulations and orders, but not those of the FCC. It doesn't have it in that section. Then if you look up final order, if you look it up in – if you look up order in the APA, it refers to a final decision – final comes from the review part – other than rulemaking. So how does – here we have – how is that supposed to work? Is it – everybody knows that? I have another final, absurd, obvious question, too, which you can tell me both, and that is what happens – a lot of rules are – these are my only two questions. Can I – should I ask both? You want me to ask both or in order? I won't hurt you with that, Justice Breyer. Okay. The other one is, look, there are lots of – rulemaking normally, you review in the court of appeals. There are all kinds of things to that. So what happens to a person who wasn't born yet? Or what happens to a business that wasn't formed yet? There must be law on that. This can't be the first – you know, here they were, by the way, but I mean, how do we work it in the normal case? So those are my two questions. You've got them both? I've got them both. Let me take them in the opposite order. I think the answer to the second one is, I mean, it's a very deep and fundamental due process problem. If you've never had an opportunity to obtain review of the agency's decision-making, never could have, the idea that you are subsequently barred under these circumstances is a serious process problem. Right, right. So there must be a holding on that. Is there no case? There's no case on that, I guess. Well, my guess is most courts wouldn't entertain the suggestion that you're not allowed to – at least I don't – I've not seen one where the issue was being fought. What about the first one, which is just my confusion about the statute? See, I see the word final order. Right. I'm trying to reconcile this with the APA. Right. Well, what we – Go back to the APA order. I don't think this is a final order within the meaning of that provision in the Hobbs Act, and that's the last part of our brief on the interpretive rule. I realize there's a lot of water under that bridge in terms of things that have been reviewed that way, but the reality is – and I do think the FCC's method of decision-making here is one that's reasonably called into question, because there are very specific rules that were adopted as part of this order, and there was very specific notice and comment as to those. And none of that went to the part of the order that now is being used or asserted against my client as absolutely binding and without any opportunity for judicial review. What about your – was your client around at the time? They were, but they weren't using passes. So what about a rule that says, I'm sorry, people who are around have to come and the court of appeals when it's first promulgated or 90 days thereafter? What's wrong with that? The problem with that is, one, if you haven't been adversely affected by it, you have no injury in fact, you can't go to an Article III court and complain about it under those circumstances. Justice Kagan? May I ask if you would just talk a little bit about the argument – I think it's at the end of your brief – that this is really an interpretive rule, and whatever is true of any other rules, interpretive rules are different, and then to also tell me why you think that's not waived, and then to also tell me why you think your main argument is not waived. The – the main argument is not waived because the court specifically said it did not have to harmonize the interpretation of the FCC with the statute under these cases, and that's our – that's the core of our main argument. I don't want to take a lot of your time, but the point, of course, is – and I can read a bunch of stuff and I don't want to do that – is there are a bunch of times where you said in the district court, and then in your petition, that you were not arguing that the – you know, that you were not arguing that the district court should ignore the rule, that you accepted – that you accepted Hobbs, essentially. Well, I don't know that we accepted Hobbs so much as we were perfectly comfortable with the district court's determination that if you interpret the statute and the regulation and lay it against our conduct, there was nothing wrong, and therefore no basis for liability. It was when the Fourth Circuit said you can't look at that at all or take any into account, that's when we started to complain. And then this Court said, does the Hobbs Act deprive the district court of the authority to do that? It's precisely raised by that holding of the Fourth Circuit in this particular case. On the interpretive rule point, again, the question you asked is, does the Hobbs Act prevent this? We answered that question. Admittedly, this issue was not raised before. But that's the question you posed, and we felt an obligation to give you a full answer to that question. If you had simply granted the petition, I doubt we would have made that last argument. But that's why we put it in front of the Court. So is your point – is that point that interpretive rules are not subject to the Hobbs Act at all? Yes, Your Honor. Is that your point? That's our last point, yes, Your Honor. Okay. So the district court and the Fourth – and the circuit court can both look at whether the interpretive rule is right under the statute? Yes. That's absolutely correct, Your Honor. Do you think that was adequately briefed here? In this Court? Yes. Absolutely. Thank you, counsel. Thank you, Your Honor. Mr. Harrell. Mr. Chief Justice, and may it please the Court. When a district court refuses to accept a final order of the FCC interpreting the TCPA on the basis that it's inconsistent with the statute, that court is determining the validity of the order. The district court didn't find that the regulation was inconsistent with the statute. It read the regulation to be in harmony with the statute. The district court did not find that there was a clash between the statute. That's exactly right, Justice Ginsburg. The district court in this case interpreted the 2006 rule to mean what PDR says it means. And then that ruling was reversed by the Fourth Circuit Court of Appeals. The Fourth Circuit held paragraph 52 of the 2006 order creates a per se rule that a fax offering free goods or services is an advertisement, as we advocated for. Now, having lost on its interpretive argument, PDR says it wants to do something that it never said it wanted to do before. Now it does want to challenge the validity of the 2006 order. And it's arguing to this Court, because the question presented was so broad, it's raising arguments that it either forfeited below expressly, like the argument that it wants to challenge the validity of an absolute order. Ginsburg. That's a very basic argument. Someone who is going to be subject to enforcement proceeding has a right to notice and an opportunity to be heard on the issue. The way this thing came up, PDR had no reason to think that it was a party agreed. Justice Ginsburg, do you mean in 2006 when the order was issued, or do you mean in 2013 before PDR signed the statute? No. I mean when the administrative proceeding was going on during the rulemaking. At that time, PDR had no reason to think. Unlike Yakis, where there's a price set and you know that you're selling meat or whatever, you're subject to that price. But here, when the initial rulemaking was going on, what reason did PDR have to think it would be affected by it? The notice of rulemaking was published in the Federal Register, and that constitutes constructive notice to the whole world. You know, we're also assuming that PDR was not sending faxes offering free copies of its hard copy PDR book in 2006. I'm not sure that that's true. Well, those are the facts we have, and I guess I want to return to Justice Ginsburg and Justice Breyer's point. What if the government passes a regulation under this statute saying all persons named Bob must pay the government $100 every year? All right? And a young man is born after the regulation is adopted, and he didn't read the Federal Register. Shocking, huh? Maybe a lot of people don't read the Federal Register. Maybe they can't read it. It's an eight-point font. At any rate, this young man is forever barred, I think, under your interpretation of maybe not from challenging the validity of that regulation under the statute? Our position is he is not barred from challenging the validity of the regulation. How? That person can petition the agency even after the 60-day period. Oh, I understand he can petition the agency, but he can't come to court. And a court is forbidden from determining the validity of that regulation. A Federal district court or a State court? Federal district court. Or a State court, because under PDR's reading, State courts across the country could also determine the validity of FCC orders. But I'm talking about a Federal district court, just as here, would be barred from determining the validity of that order, right? Yes. It would – the party would first need to go to the agency, and then – He would have had to have been born earlier. And then if you lose there, you petition to the court of appeals, which can determine the validity of the order. But the amount of deference you give to an agency in deciding whether they should begin a proceeding is enormous, I mean, compared to anything else. So you say to somebody, oh, go petition the agency, ask them to change it. I mean, maybe you'll tell me I'm wrong about this, but I always thought if they say no, that's virtually nothing that you can do about it in court, which is quite different after they have a rule. And after they have a rule, well, you can say it's outside the statute. So it's the same question that's been asked. What about people – and it's not just being born later, as was pointed out by your colleague over here. It could be, well, he wasn't in that business, the business wasn't formed, the business was formed, but it was in certain aspects that he isn't a person aggrieved. Okay? So there are a lot of – now, I can't believe there's no law on this. Is there no law? This has been going on for years and years and years. It's never come up. I'm not aware of a case – Not under just this Act, but I mean, there are a lot of Acts. I'm not aware of a case – Well, that's a pretty big question. And then I go back to the other, you see. That's an awfully big question. And the – then I read the statute. And it says final orders of the FCC, and orders have a meaning in the APA other than rulemaking. And then there's another part of the statute that deals with rulemaking. But it isn't listed there, the FCC. So at that point, I felt I was totally confused. And I would like you to help me out of this confusion, because I have a few others, too. I mean, interpretive rules, for example, and so forth. Your Honor, on the APA's definition of order as something other than rulemaking, I have to admit I'm not familiar with it. Well, I'll read it to you if you'd like. It says rule at the beginning of the APA means the whole or part of an agency statement of general – oh, that's wrong place. Oh, God. That's – where is it? Definitions. Well, it says order somewhere. I just read it. Okay. Let somebody else ask a few questions. It's when you have this business about while – when the district court is applying that you can go petition the agency for reconsideration, and then if the agency says no, then you can go to the court of appeals. Is what's before the court of appeals simply the question of whether they should reconsider it or the underlying merits of the interpretation? It's the underlying merits of the interpretation. I provided an example in our brief because I just went through this as counsel in a Hobbs Act appeal like that, brought by a group of TCPA defendants who thought they were being subjected to an unfair rule. It was issued in the same 2006 order as the rule in this case. They petitioned the FCC. They were denied. They took a Hobbs Act appeal to the D.C. Circuit Court of Appeals, and the D.C. Circuit vacated the rule. It held that the FCC did not have a rule. Well, could the D.C. Circuit have said, look, you know, the FCC looked at this just a couple years ago. We think there's no reason for them to look at it again. Could they say that? In other words, not get to the underlying merits? I think it would have to consider – if you had an argument that had not been decided before, I think it would have to consider the challenge to the statutory authority for the agency's rule. Is there any different standard used at the D.C. Circuit when it comes up like that? It's Chevron deference. But is there any difference between it getting to the D.C. Circuit on that kind of petition and it getting to the D.C. Circuit if you had challenged the rule initially? There was not in the Baez-Yakovov-Spring Valley litigation. The FCC didn't argue for it. That's the D.C. Circuit. Okay. The question – I found order. Okay? It's 551-6. Order means the whole or part of a final disposition, whether affirmative, negative, injunction, declaratory, of an agency in a matter other than rulemaking, but including license. So I think normally in ad law, you try to sort of – but nobody's argued that in order. No. So you have a major question, it seems to me, of administrative law that applies major. And we also have parts of this involving the statute that I personally, maybe everyone else does, don't understand. Both statutes, the order part and the other part. So what should we do if there's a general view the same as mine? Well, Your Honor, as you said, nobody did argue that, and PDR conceded below that the 2006 order at issue here is the type of final order under 2342, the Hobbs Act, the Hobbs Act. It relied on that concession and decided the case on that concession, and PDR didn't challenge that in its petition to this Court. Even accepting that, though, why is this determining the validity of that order? Because the order stands today as well as it did yesterday. The Court's simply interpreting the statute in a manner that may be different than the agency. But that's what courts do. And agencies are, in their prosecutorial efforts, allowed to interpret statutes normally as well. And sometimes they interpret them differently than courts. That's the separation of powers. So that interpretation still stands. It's still the government's opinion letter on the subject. It isn't indetermined invalid in the sense under the APA, as we normally think, for lack of notice and comment, the order is vacated or something like that. So what's wrong with that? And just to add on to that, the YACUS problem, why doesn't that also distinguish it from YACUS? Because there, of course, to challenge the criminal indictment, you had to argue that the regulation was invalid, and that is ineffectual. I have two main responses. The text of the Hobbs Act, the plain meaning of those words, exclusive jurisdiction to determine the validity of. To determine is to decide. And to the validity of something is to determine if it's legally sound or not. And a district court is being asked to do that when it's being asked to decide this agency interpretation is inconsistent. You shouldn't apply it because it's inconsistent. But you'd agree that the regulation is still validly enforced today, right? You mean if the district court had? No, the regulation is still validly enforced. Well, no court has ever invalidated it. Yeah. In this case. But do you think that YACUS would be decided the same way today and not in wartime? Let's say that Congress once again sets up an agency to set all sorts of prices on goods that it believes that goods affecting commerce. And the agency sets prices for homegrown tomatoes, maximum prices for homegrown tomatoes. And somebody raises heirloom tomatoes in the backyard and charges more than the specified price. And there's a criminal penalty. So that person is charged with the crime of selling tomatoes at a price that was over the limit. You think that person would be prohibited from challenging the regulation in the criminal prosecution? Under YACUS, YACUS is still good law. Now, I do have to point out that Congress ameliorated the harsh effects of YACUS. Now, you think that would be consistent with due process? You would say to the person who was growing these tomatoes in the backyard, well, you know, you should have kept up with the Federal Register. Well, to the person growing the tomatoes in the backyard, that would present a more difficult case than the meat wholesaler who presumably followed those regulations. Okay. So where do you draw the line? You say it's a more difficult case, but you're not willing to say that that would be a violation of due process. That's correct. And we don't have to go as far as YACUS in this case, because as we pointed out, PDR had other options available to it other than taking a Hobbs Act petition in 2006. Do you know how many pages were issued in the Federal Register in 2018? I do not. I think it's something like 90,000 pages. Right. But somebody in 2013. I once saw somebody riding home on the Metro at midnight in Washington, D.C., reading the Code of Federal Regulations. And I thought, only in Washington, D.C. could you see this site. But do you think people out in other parts of the country are waiting for the latest addition to the Code of Federal Regulations? Yeah. I didn't suggest that PDR should be combing through every issue of the Federal Register, but I do think they should have consulted a lawyer before sending their faxes in 2013. Isn't the question here how to interpret statutory silence? Because we have statutes that have pre-enforcement review and then explicitly allow review in the enforcement proceeding. We have statutes that allow pre-enforcement review and explicitly bar review in the enforcement proceeding, Clean Air Act. And here the statute's silent. And the question is, what's the default rule should be? And to Justice Alito's point, given the due process considerations, to Justice Breyer's point, why the absence of law on this? The absence of law, I think, is because judicial review's always been assumed in enforcement proceedings unless it's explicitly barred. That's why there's an absence of law, I believe, in this instance. And to your point about, well, they can go through this other convoluted method of motion-free consideration, if you're going to allow that, why not just allow the enforcement proceeding and have a more efficient process? So that's the considerations that I wanted to raise for how we should fill the statutory silence. First of all, I don't think the Hobbs Act is silent on it. I think that the grant of exclusive jurisdiction to make those determinations in the Circuit Court of Appeals is. It doesn't say anything close to what the Clean Air Act says for barring review in enforcement proceedings, though. It doesn't have the second clause, but I don't think it's necessary. Those two accomplish the same thing using different language. As to the last point Your Honor raised, Justice Kavanaugh, one of the reasons why it has to go through the Hobbs Act process, and it's a reason that this Court recognized in the Port of Boston case, is that under those circumstances, the attorney general is present there to represent the interests of the government, and it has to go through a centralized appeal process. We don't have State courts and district courts across the country deciding telecommunications policy. It goes to one court of appeals where the government is present and knows about it. And that's why co-never mind. Thank you. Thank you, counsel. Ms. Kovner. Mr. Chief Justice, and may it please the Court, there are just four areas I want to cover. The first, since this is really a statutory interpretation case, is the text of the statute. The second is hard cases like Justice Breyer raised, like a party that's not in existence and how they work on Arbu. The third is this issue of final orders that Justice Breyer and some other folks have also raised. And the fourth is Justice Ginsburg's question about maybe whether this was an ambiguous regulation and what happens then. So turning to the text of the statute, there are two key words or phrases. The first is exclusive, and the next is determine the validity. And I just want to focus on exclusive, and I think it goes to Justice Kavanaugh's recent question and some others. We think the plain meaning of exclusive, as Justice Kagan alluded to, is that's the only route. That's what the word means. And I think ultimately Petitioner conceded that one in his colloquy when he said, yes, it's exclusive to do what. That's really the issue in this case. And, Justice Kavanaugh, I would direct you to APA section 703 on dealing with that question, which is sort of, I think, the overarching text on what that word means. And exclusive is the word that APA section 03 uses for the kind of statute that's going to cut off review in civil and criminal enforcement proceedings. So those are two prerequisites. It also has to be prior and it has to be adequate, but then, so long as it's exclusive, the APA says it's going to cut off review in enforcement proceedings.  Ginsburg. Sotomayor, I'm sorry, but why is it prior and adequate in this case when this, the issue that is involved here didn't even come up in the original rule for notice and comment. It came up because somebody asked a question, right? So, that's right, Justice Ginsburg. So somebody asked the agency to clarify the issue of ruling on whether this was going to apply to essentially publications of the sort that are at issue here. So publications that offer, I'm sorry, faxes that offer free goods or services, or faxes that promote medicine. So parties asked, and it was published in the Federal Register, you know, we, the agency, want your comments on what rule we should adopt with respect to that. And then the agency adopted a rule governing that. And maybe I should turn now to, you know, the question that you asked about, well, what if the rule is not clear? And we absolutely agree, Justice Ginsburg, that if there is ambiguity in the rule, parties are absolutely free to argue about what the rule means, to argue that, you know, their interpretation of the rule should be adopted, and to reference the statutory text. I think it's really important that if this case comes to the Court, with the Court having expressly declined to take up the second question presented, which was, was the Fourth Circuit right that this rule is plain? Kagan.             Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. they didn't make the argument in this case, you know, for them to say this is just a kind of informal guidance, it's not subject to the Hobbs Act at all, but instead they petitioned, you know, they've conceded throughout the this is the kind of order that the Hobbs Act enshrines. Breyer. Breyer. But this is a major question, and it's bothering me. So, so look, the part you read 703 as Justice Kavanaugh just pointed out. It says that judicial review does lie. In agency action, which is very broad, is subject to judicial review in civil or criminal proceedings unless prior, adequate, and exclusive, through and, prior, adequate, and exclusive. So I would have thought that the answer to Justice Gorsuch's question, and my question is, clearly, there wasn't an adequate opportunity. And you would say here there is. That's right, Your Honor. But does it say that in your brief? Yes. So we agree in our brief that Section 03 and this statute have to be read in pari materia. So we agree if there's no prior, adequate, exclusive opportunity. And did the Court there go into whether they were around at the time and they did this very thing? They did have they were persons aggrieved during that time? Petitioner never argued below that they were not. Oh, this is sort of not jurisdictional, but close. I mean, so we have a case. We don't know whether they had an adequate opportunity to raise it in the in the Hobbs Act, in the initial rulemaking proceeding. We don't know if it's a rulemaking legislative or rulemaking interpretive. And there were various other things brought up that we don't know. So what is your advice about whether we should decide a major question in the face of those uncertainties? Your Honor, I take the point that if the Court is of the view that the disposition of this case turns on issues that weren't really developed below or weren't pressed below, that it has the option of decline to decide the case, and dismissing is improvidently granted. But, Your Honor, in your view, those things don't matter, do they? You wouldn't even – would you now concede that if PDR wasn't even in existence at the time, the situation would be different? Or if they are – they were in existence, but they had – they weren't involved in sending out faxes, would it be a different case? We think it would certainly be a different case, and then the question would be, and, you know, just to say. Alito, I guess it would come out differently, not that it would – of course it would be a different case. Would it come out differently? So that would present a difficult question under 703 on which we haven't taken a position, and the reason is, of course, this is implicated in a lot of, you know, the Clean Air Act, Clean Water Act, a lot of these provisions cut off review. And I think, you know, so we would have to address the question of when section 703 says, does an adequate opportunity exist, is it talking about an adequate opportunity for you, a particular individual party, or an adequate opportunity for others in your shoes? I think we might well argue in a case that really presented that question where somebody could say I didn't exist, we might well say it was nonetheless adequate, but it would be a much harder question than here where I don't think there's any serious question that Petitioners used. Kagan. Kagan. And you are saying that this was never raised by any party, by any court below, that the exploration of that question? Petitioners certainly never argued we didn't have an opportunity. They just argued below, this isn't determining the validity of it. And similarly on this question of interpretive, because I would say that if it's an interpretive rule, by which I mean something without the force of law, essentially guidance to the agency, guidance to various parties who are interested in the world, but you can't, you know, say that somebody violated it and sanctioned them, something like that doesn't fall within the Hobbs Act at all. Would you agree with that? I think I would, Justice Kagan. We think it has to be an action by which rights or obligations have been determined and what you're describing doesn't matter. And we don't know really, because nobody argued below, whether that's true. Is that correct? Nobody contested below that this was an order that's subject to the Hobbs Act. But you think it does have the force and effect of law? We think it does. I mean, this is adopted through notice of the law. So in your brief you also say that the general rule is that when a defendant's liability depends in part on the propriety of an agency action, that action ordinarily can be challenged in a civil or criminal enforcement suit. That's the general rule. And the question here is whether to read that exclusive to determine the validity to deviate from the general rule. Given the due process concerns and given that Congress can be more explicit as it has in the Clean Air Act, why shouldn't we stick with what you call the general rule and read it exclusive to determine the validity to mean declaratory judgment actions? Well, I would really take issue with the idea that those other statutes are more explicit and they use different words, but exclusive jurisdiction is, I think, quite clear language, and it's the language that 703. Well, but even the statute at issue in Yackas had a second sentence, and the Court did not rely on the first sentence alone, but specifically said the first sentence coupled with the second sentence is what Barr. I think I take that point about Yackas, but I think if you wanted to look for a statutory framework that just uses the word exclusive and was around before Yackas, you'd look to the Urgent Deficiencies Act framework. But also, though, you know, you point us to the word exclusive, but there are more words after that. Yes. Exclusive to do what? Yes. And determine the validity of is the language that we have here, and we don't have more than that. We don't have the second sentence of Yackas, which you pointed out is different. And why shouldn't we, given the presumption of judicial review and statutory canon, that we normally look at statutory terms in light of their neighbors? And here, all of the neighbors indicate a decision by a court that would actually hold the regulation to be null and void. And that didn't happen here. Your regulation still exists today, and the executive agencies can follow it for guidance. Why wouldn't we redetermine the validity of mean kind of what it says? Well, let me talk about the language and then about the Court's precedent. And I think that they both are sort of contradict that understanding. And I think every court of appeals has a right to say that you determine the validity of a regulation when you decline to apply it on the ground that it's substantively invalid. And if you look at the statute here, it's the same. You're not saying it's substantively invalid. You're saying the statute is clear. Well, the statute, I mean, I'm being asked to interpret the statute. That is what the case is about. And the statute is clear. I do not need the regulation. It is nice. It is a lovely opinion letter by the Federal Government, and the agencies want it. And the courts may choose to follow it, but it's not determining the validity of it in a normal sense, any more than we normally read the Federal Register for breakfast. Well, I think it is, Your Honor, and if you look to the entirety of the TCPA, it says, you know, first, here's the substantive, you know, prohibition, and second, the agency may make rules to implement that provision. And so here, a party came before the Court and said, here's the rule that the agency has made about what unsolicited advertisement means. If the Court declines to follow it, it has to do it for a reason, and the reason here is it's saying the rule is substantively invalid. And even if you don't agree with me, I think, you know, in the first instance about the reading of the statutory language, just direct the Court to the cases that apply that language. And this Court has repeatedly applied the statutory language, both here and in predecessor statutes, where somebody was coming into court and saying, please decide the underlying merits of this legal question, and the Court said, what you're asking us to do would be to decide the validity of the underlying rule, and so we can't do it for preservation. Sotomayor, meaning let's assume, and we can argue whether this is a clear rule or not, whether it's a legislative rule or an interpretive rule, let's put all of that aside. The U.S. comes in, starts an enforcement action in the district court. Can you're saying to me the district court can't decide the validity, but when they go to the D.C. Circuit, can the D.C. Circuit look at the validity of the rule under the statute? Not if it is an appeal from an enforcement action. I think the way that you would get into the court of appeals would be that you file a Hobbs Act petition to challenge some subsequent agency action or to challenge the denial of your rule. So that explains Weaver and functional music. But what happens here, because you're saying even the court of appeals here can't decide the validity of the rule, correct? That's right. And the reason we think that is the surrounding statutory provisions. So they say here's how the court of appeals exercises its jurisdiction. It's on the filing of a Hobbs Act petition. So we think those are the reasons. So you disagree with Respondents on that point, because Respondents seem to suggest that once it got to the court of appeals, that court had the power to decide whether to do that. Yes, I don't think that's right, and I don't think any court of appeals has understood it that way. I think you have to comply with the Hobbs Act procedures to get review in the court of appeals. And if I could just turn to one of Justice Breyer's other questions about the nature of, you know, this particular order and it being a rule, I think the relevant case would be CBS Broadcasting, which sort of addresses this kind of order, which is an order that sets out a rule. When the FCC acts, it's through orders, even when it's making a rule. And the court in CBS Broadcasting said that's reviewable under the Hobbs Act. So I think that's what tells you this is a Hobbs Act case, even though it sets out a rule. Can I ask a practical, rather than strictly legal question, which is since you're saying they can get judicial review, they just have to go through the motion for reconsideration or petition for rulemaking, and the other side's argument will just give us the judicial review and the enforcement action. Why go through all the hurdles of the former if it's just going to be judicial review in the end one way or the other? Or is there something different about the judicial review in the former, which I think may be lurking? Yes. So I think two things. I mean, first, let me address why we think it's better, and second, let me address the nature of their review. So we think judicial review that's accomplished through the Hobbs Act is far preferable, and it's because the United States gets to be a party. If it's from a rulemaking, you're going to have the opportunity for other affected parties to participate, to come in, to explain why they think the rule should or shouldn't be changed. You're going to have a single nationwide proceeding that's going to set the rule for the entire nation. And I think these kinds of rules that are subject to the Hobbs Act are areas where Congress thought that was really important. I do want to address the question of what the scope of the review is. So I think what typically happens in these cases, and Respondent cites a number of examples, is somebody goes before the agency and asks for a declaratory judgment about, you know, what the scope of the rule is, or asks to change the rule. The agency says something about the merits, and then that gets appealed to the court of appeals. Then, obviously, you do get full review of the merits of the underlying rule. I do think it's a different case if the agency were to say, you know, we declined to reconsider at all, and then I do think you would be reviewed. And that happens quite a bit, as you well know. And in that case, you'd be out. In that case, all you get is a little bit of an opportunity to change the rule. In that case, you could be subject to millions in liability without ever having an opportunity to say that the rule is illegal. Even if the rule everyone thinks is illegal, you still get no opportunity. And in that case, I think you would have an argument under Section 703 that the Petitioner here really doesn't have, that I didn't have a meaningful opportunity to get review of the rule. So let me stop you there. So if you go for the petition for reconsideration and the agency says, actually, just as an exercise of discretion, we're not going to do that, that would mean that it wasn't adequate? No, I think, so I think Petitioner, a person in Petitioner's shoes, if I may just briefly answer, a person in Petitioner's shoes should have brought their challenge in a timely fashion. If you had a party that really couldn't have done that for some reason, then I think you'd have a hard 703 question. Thank you. Thank you, counsel. Two minutes, Mr. Phillips. Thank you, Mr. Chief Justice. I think it's important to focus in the first instance on the question, Justice Kagan and Justice Kavanaugh, you focused on, which is what is the standard of review if you go through the petition for reconsideration process? And this Court held in the Board of Locomotive Engineers that under those circumstances, the courts review the distinct agency action resulting from the new position. It is only in very odd circumstances where the Court actually has any kind of an opportunity to take up the underlying question of the validity or of the relationship between the underlying statute and the old rule. And therefore, it's not a prior and adequate remedy that gives you the basis for. It has done it in Functional Music and in Weaver. It's basically taken a contrary position to yours. In both of those cases, they look to the validity of the rule underlying the enforcement action. Well, one was an enforcement action, the other wasn't. Right. Well, I mean, Functional Music is clearly in our favor in terms of its approach to these kinds of issues, because Functional Music even said, we're not even sure whether or not this could have been raised in the first instance by these parties, but we're not going to worry about it. We're going to take it up as an enforcement matter, and we're going to evaluate it under those circumstances. What it goes to, Justice Breyer, and it's the reason why, even though there may be larger and broader questions that are embedded in this case, but at the end of the day, what the Fourth Circuit said is that the district court was not permitted, had no need to and could not harmonize the interpretation put forth by the FCC with the underlying liability provision of the Telephone Communication Protection Act. That issue warrants this Court's review. Is there a circumstance where that happens, where we know, as Justice Kavanaugh said several times, when there's absolute silence, the presumption always should be that there is post-enforcement review of the validity of what the FCC says. For that reason, the judgment of the court of appeals should be reversed, and judgment of the district court should be affirmed. Thank you, counsel. The case is submitted.